UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY ZAPPIN,

        Plaintiff,

v.

DAVID EVAN SCHORR, MATTHEW F. COOPER, *and* KEVIN M. DOYLE,

        Defendants.

**ORDER**

22-cv-2034 (ER)

Ramos, D.J.:

    Anthony Zappin, a disbarred attorney proceeding *pro se*, brought this action against various New York State officials and David E. Schorr, an attorney in private practice who previously represented Zappin during portions of his divorce proceedings. *See* Doc. 2 ¶¶ 9, 25. The instant action is just one of at least sixteen suits that Zappin has filed—in state and federal court—against Justice Cooper, a retired State Supreme Court justice who presided over his divorce proceedings, New York State officials, and others arising out of his divorce, disbarment, and a subsequent criminal prosecution. *See generally Zappin v. Cooper*, No. 20 Civ. 2669 (ER), 2022 WL 985634, at *1–7 (S.D.N.Y. Mar. 31, 2022).

    In an Opinion and Order dated February 6, 2023, the Court ruled on two of Zappin's pending motions in a related action. *See Zappin v. Cooper*, No. 20 Civ. 2669 (ER), 2023 WL 1783727 (S.D.N.Y. Feb. 6, 2023). As relevant here, the Court denied Zappin's motion for recusal of the undersigned. *Id.* at *10–11. For the same reasons articulated therein, the Court denies Zappin's pending recusal motion in this matter. Doc. 13. As in *Zappin v. Cooper*, Zappin does not raise any facts suggesting that the Court's impartiality might be reasonably questioned in this case. *See* 28 U.S.C. § 455.

    Critically, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted); *see*

*Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). Indeed, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse himself when it is not called for as he is obligated to when it is," *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). In the instant motion for the disqualification of the undersigned, Zappin exclusively relies on this Court's prior judicial rulings or matters outside the context of these proceedings to support his arguments. Doc. 13 at 1–3; Doc. 14 at 1–11. Accordingly, because Zappin fails to present facts suggesting that the Court's impartiality might be reasonably questioned, the motion is denied.

The Court also dismisses the following letter motions as moot: Doc. 30, Doc. 45, and Doc. 49.

The Clerk of Court is respectfully directed to terminate the motions, Doc. 13, Doc. 30, Doc. 45, and Doc. 49.

It is SO ORDERED.

Dated:   February 8, 2023
         New York, New York

_____
Edgardo Ramos, U.S.D.J.