UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
ANTHONY ZAPPIN,

        Plaintiff,

        v.

DAVID EVAN SCHORR, MATTHEW F.
COOPER, and KEVIN M. DOYLE,

        Defendants.
———————————————————————

**ORDER**

22-cv-2034 (ER)

Ramos, D.J.:

    Anthony Zappin, a disbarred attorney proceeding *pro se*, brought this action against New York State officials and David E. Schorr, an attorney in private practice who previously represented Zappin during portions of his divorce proceedings. *See* Doc. 2 ¶¶ 9, 25. The instant action is just one of at least sixteen suits that Zappin has filed—in state and federal court—against Justice Cooper, a retired State Supreme Court justice who presided over his divorce proceedings, New York State officials, and others arising out of his divorce, disbarment, and subsequent criminal prosecution. *See generally Zappin v. Cooper*, No. 20 Civ. 2667 (ER), 2022 WL 985634, at *1–7 (S.D.N.Y. Mar. 31, 2022).

    Before the Court is Zappin's motion to (1) reconsider the Court's March 2023 Opinion & Order dismissing the action, (2) file a second amended complaint, and (3) seek limited discovery, Docs. 105, 106; *see also Zappin v. Schorr*, No. 22 Civ. 2034 (ER), 2023 WL 2601578 (S.D.N.Y. Mar. 22, 2023). Zappin's motion is DENIED for the reasons set forth below.

**I.    LEGAL STANDARD**

    **a.  Reconsideration**

    A motion to alter a judgment under Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

*Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013)).  It is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration of a court's order on a motion only where the court has overlooked controlling decisions of law or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); *see also* S.D.N.Y. Local Civ. R. 6.3.  Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (internal quotation marks omitted) (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)).

"The standards for relief" under Rule 59(e) are "identical" to those for motions for reconsideration under Local Civil Rule 6.3.  *See Ramirez v. United States*, Nos. 05 Civ. 4179 (SAS), 07 Civ. 459 (SAS), 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013) (internal quotation marks and citation omitted).  "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. Jul. 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

b.  Amendment

"Once the time for amending pleadings as a matter of course expires, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Tolliver v. Lilley*, No. 12 Civ. 971 (DAB) (KNF), 2016 WL 5793998, at *2 (S.D.N.Y. Sept. 19, 2016) (quoting Fed. R. Civ. P. 15(a)(2)).  The Court should "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave should be denied when "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Court must thus decide whether granting leave to amend would advance or impede justice.

II.  **DISCUSSION**

Zappin has failed to meet the standard for reconsideration set forth herein.  As he has done on numerous occasions, Zappin here seeks to relitigate "old issues, present[] the case under new theories" and "otherwise tak[e] a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52.  The Court has fully considered his claims and declines to reconsider its prior judgment.  Additionally, for all the reasons articulated on this record—and those corresponding with the other sixteen cases stemming from Zappin's divorce and custody action—Zappin's requests to amend the complaint and obtain discovery are futile.

Zappin's motion is therefore DENIED.

III.  **CONCLUSION**

For the reasons set forth above, Zappin's motion to (1) reconsider the Court's March 2023 Opinion & Order dismissing the action, (2) file a second amended complaint, and (3) seek limited discovery is DENIED.

The Court reiterates that Zappin is enjoined from filing, without leave of Court, any new actions in the Southern District of New York against Justice Cooper, the State of New York, any New York State entity or agency, or any other current or former New York State judge, official, or employee arising out of his divorce proceedings, disciplinary proceedings, encounter with Justice Cooper, or corresponding arrest and prosecution.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 105 and 106.

It is SO ORDERED.

Dated:   May 2, 2023
        New York, New York

                                                  Edgardo Ramos, U.S.D.J.